UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN McDONOUGH, JR.　　　　　　　　　　　　　　　BK NO. 10-10228
　　　　Plaintiff

VS.

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as Trustee for Registered Holders of Ameriquest
Mortgage Securities Inc., Asset-Backed pass-Through
Certificates Series 2004-R11
　　　　Defendant and Third-Party Plaintiff

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Adversary Case
VS.　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. 10-ap-01028

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY
　　　　Third-Party Defendant

**ANSWER OF THIRD-PARTY DEFENDANT**
**OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**
**TO COUNTERCLAIM OF JOHN McDONOUGH, JR.**

The third-party defendant, OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY (hereinafter, "Old Republic"), hereby answers the allegations contained in the plaintiff's (hereinafter, "McDonough's") Counterclaim as follows:

## I. PARTIES

1. Admitted

2. Admitted

3. Admitted

## FACTS

4. Admitted. A true and accurate copy of mortgage dated November 10, 2004, is attached hereto as **Exhibit 1** and reads for itself.

5. Admitted. A true and accurate copy of the Promissory Note is attached hereto as **Exhibit 2** and reads for itself.

6. Admitted that the mortgage was insured by a policy issued by *OLD REPUBLIC*.

7. Denied. Please see **Exhibits 1** and **2**, which read for themselves and which, together, confirm the clear intent to encumber the property located at "26 – 28 Arnold Street, Lincoln, RI".

8. Denied

9. It is admitted that a Certificate of Satisfaction bearing "Loan Number: 0097430946 -7427" and referencing the property address "13-19 Woodland Court, LINCOLN, RI 02865" (see **Exhibit 3**) was recorded and was obviously intended to discharge a *different* note (**Exhibit 4**) and mortgage (**Exhibit 5**) also bearing "Loan Number: 0097430946 -7427" and the "property address: 13-19 Woodland Court, Lincoln, Rhode Island 02865". It is denied that the Certificate of Satisfaction was intended to release the unsatisfied loan encumbering the subject address, "26 – 28 Arnold Street", and bearing a different loan number "0097383541-7427" (see **Exhibits 1 and 2**). Because the Certificate of Satisfaction contained an obviously mistaken reference to the recording information relative to the subject mortgage (**Exhibit 1**), the certificate was rescinded in December of 2008, and the plaintiff was advised thereof (see **Exhibits 6 and 7** attached).

10. Admitted. See Confirmatory Assignment having the "Effective date of July 10, 2008". A true and accurate copy thereof is attached as **Exhibit 8**.

11 – 14 . Denied

15. Upon information and belief, it is admitted that plaintiff previously filed for bankruptcy. However, upon information and belief, said bankruptcy action was terminated without discharge of the subject note and the subject secured priority mortgage lien of Deutsche Bank.

16. Admitted that *OLD REPUBLIC* did not institute any reformation action in a court of law prior to July 28, 2009.

17. Denied

18. The plaintiff's adversary proceeding speaks for itself.

19 – 22. Denied

## DEFENSES

23. Plaintiff's equitable action is barred by the doctrine of unclean hands.

24. Some or all of plaintiff's claims are barred by the doctrine of laches.

25. Some or all of plaintiff's claims are barred by the doctrine of judicial estoppel.

26. Any damages sustained by plaintiff were caused, in whole or in part, by the actions or inactions of plaintiff or others but not by the actions or inactions of *OLD REPUBLIC*.

27. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of waiver.

28. All conditions precedent to a right of recovery have not been satisfied by the plaintiff.

29. Plaintiff's claims are barred by the applicable statutes of limitation.

30. Plaintiff's claims are barred by the statute of frauds.

31. Plaintiff's claims are barred because one or more of the material obligations

of the Note and security instrument have not been satisfied.

32. Plaintiff failed to mitigate his damages.

33. The conduct or activities allegedly attributed to OLD REPUBLIC conformed, at all times, to any and all applicable State and Federal statutes, codes, and regulations.

34. The plaintiff's action fails for want of personal and/or subject matter jurisdiction and/or for want of proper venue.

35. The plaintiff's action fails to state a claim upon which relief may be granted as against OLD REPUBLIC.

36. The plaintiff's action must be dismissed based upon the equitable doctrines of, *inter alia*, unjust enrichment, estoppel, laches, unclean hands, waiver, equitable subordination, ratification, equitable subrogation, equitable mortgage, equitable lien, failure to do equity, and avoidance of windfall.

37. The plaintiff is in material breach of his contractual obligations and, therefore, is not entitled to relief as prayed.

38. The plaintiff lacks standing to sue OLD REPUBLIC.

39. The plaintiff's action violative of Rule 11, as an abuse of process and/or a malicious use of process, slanders the title of Deutsche Bank, and should be dismissed accordingly.

40. The plaintiff's Complaint fails to state a claim upon which relief may be granted.

41. Any and all purported assertions of record attributed to OLD REPUBLIC were true. The plaintiff's action in slander fails accordingly.

42. The plaintiff has suffered no actual or special damages as a result of the purported assertions of record attributed to OLD REPUBLIC. The plaintiff's action in slander fails accordingly.

43. The actions of OLD REPUBLIC were absolutely or conditionally privileged.

44. Any and all purported assertions of record attributed to OLD REPUBLIC were not conducted with malice or with any intent to injure. The plaintiff's action fails accordingly.

45. The purported assertions of record attributed to OLD REPUBLIC were not derogatory to the plaintiff's property or title. His action for slander fails accordingly.

46. OLD REPUBLIC reserves the right to assert any affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery.

**WHEREFORE**, the third-party defendant, OLD REPUBLIC, demands as follows:

1. That judgment enter for OLD REPUBLIC upon all claims, cross-claims, and counterclaims.

2. That McDonough's actions be dismissed with prejudice.

3. That McDonough's claims for relief be denied.

4. That OLD REPUBLIC, be awarded its costs and attorney's fees against McDonough.

5. That declaratory judgment enter for OLD REPUBLIC as prayed in its Counterclaim.

6. That the subject mortgage (third-party plaintiff's "Exhibit B") be clarified or reformed as of the date of the original document, November 10, 2004, in accordance

with the intentions of the parties so as to reflect an accurate, uniform, and complete description of the property on its face and in conformity with a corrected and substituted "Exhibit A" thereto.

7. Granting relief from stay to Deutsche Bank and declaring that foreclosure may proceed forthwith, unless default is cured, in accordance with the terms of the subject mortgage as clarified and reformed.

8. For such other and further relief as this Court might deem just under the circumstances.

>OLD REPUBLIC NATIONAL TITLE
>INSURANCE COMPANY
>
>By its Attorneys,
>
>/s/ James P. Marusak
>JAMES P. MARUSAK    #2470
>Gidley, Sarli & Marusak, LLP.
>One Turks Head Place   Suite 900
>Providence, RI  02903
>401-274-6644   fax: 401-331-9304

### CERTIFICATION

I hereby certify that copies of the within ANSWER OF THIRD-PARTY DEFENDANT TO COUNTERCLAIMS OF JOHN McDONOUGH were sent to all parties of record electronically via the Court's ECF system on the 18th day of March, 2011.

>/s/ James P. Marusak